A. Franklin Mahoney, J.
By notice of petition and petition served upon the Attorney-General on January 27,1972 and upon the President of the State Tax Commission on January 31,1972, the petitioners seek a declaratory judgment pursuant to article 30 of the CPLR and an order pursuant to article 78 of the CPLR in the nature of mandamus directing the State of New York and, specifically, the President of the State Tax Commission, Norman F. Gallman, ‘ ‘ to collect no further monies, from such date as the court believes practicable (so as not to upset normal functions in operations of state government) in accordance *959 with Chapters 1, 2, 4, 5 and 10 of the laws of the Second Extraordinary Session of 1971,* passed by the Legislature on January 4, 1972 and signed into law by the Governor on January 4th and 5th, 1972 being known as Senate Bill 1-a, Personal Income, Surcharge; Senate Bill 2, Tax, Cigarettes, increase; Senate Bill 5, Tax, Diesel Motor Fuel; Senate Bill 6-a, Tax, Alcoholic Beverages Increase; Senate Bill 4, Tax, Transfer by Gift, respectively, on the ground that Chapters 1, 2, 4, 5 and 10 were enacted in violation of Article 7 of the New York State Constitution and Section 92 of the State Finance Law ’
Respondents by notice of motion have moved to dismiss the petition upon the following grounds:
(1) The petitioners lack legal capacity to bring this proceeding.
(2) The State of New York has not consented to be sued in the Supreme Court and is immune from such suit. The court therefore lacks jurisdiction of the subject matter of the cause of action. The court does not have jurisdiction over the State of New York or of the person of the respondent, Norman F. Gall-man, President of the State Tax Commission.
(3) The petition fails to set forth a justiciable controversy that would lend itself to a declaratory judgment.
(4) The petition fails to set a cause of action either as a proceeding under article 78 of the CPLR or as an action for a declaratory judgment.
(5) The petition has not been signed and verified by all the petitioners as required by law.
The petition alleges that this proceeding is brought by five categories of petitioners, viz., 14 members of the New York State Legislature, 2 taxpayers, 2 citizens groups representing over 10,000 taxpayers, 2 recipients of State services and 1 former employee of the State of New York.
The law of this State as enunciated by the Court of Appeals forecloses consideration of the complaints of Assemblymen (Matter of Posner v. Rockefeller, 26 N Y 2d 970), State employees (Hidley v. Rockefeller, 28 N Y 2d 439) or private citizens as taxpayers (St. Clair v. Yonkers Raceway, 13 N Y 2d 72) as those complaints may relate to appropriation bills enacted indi *960 vidually or collectively as the annual State budget. In each of the above-cited cases the test applied has its genesis in Schieffelin v. Komfort (212 N. Y. 520) wherein Judge Chase stated the court’s view that jurisdiction is not given to the courts as guardians of the rights of the people generally against illegal acts by the executive or Legislature unless a controversy arises between litigants. The present Court of Appeals in St. Clair v. Yonkers Raceway, (supra, p. 76) reaffirmed the rationale propounded in Schieffelin v. Komfort (supra) and stated, “It seems to us proper 1 that the courts of this state have denied the right of a citizen and taxpayer to bring before the court for review the acts of another department of government simply because he is one of many citizens and taxpayers.’ ” Next, the fact that taxpayers band together in 14 citizens groups ’ ’ does not enlarge their capacity to attack laws of general application. General tax enactments, whether income or excise, cause no justiciable aggrievement if they raise sums owed to the taxing sovereign but fall with percentile impact on all citizens, on all taxpayers and on all “ citizens groups ”. Since the impact is general, no individual citizen or group can say he or it is more aggrieved than anybody else. The evenness of the alleged aggrievement deprives any single taxpayer, citizen or citizens group of the opportunity of differentiating himself or itself from others of like status to the degree necessary to create a controversy between himself or itself and the State so as to invoke the judgment of a court. Courts will not pass on hypothetical matters or speculate on future disagreements. In the absence of a justiciable issue the court is without subject jurisdiction (Schieffelin v. Komfort, supra). To accept jurisdiction in the absence of controversy would be tantamount to judicial intrusion into areas constitutionally assigned to other branches of government.
This view is unquestionably the position of the courts of this State and, to a degree, is inconsistent with the position of the Federal judiciary as enunciated in Flast v. Cohen (392 U. S. 83). In that case the United States Supreme Court struck down a 45-year-old ruling (Frothingham v. Mellon, 262 U. S. 447) that a Federal taxpayer was without standing to challenge the constitutionality of a Federal statute solely on the ground that he lacked capacity or 4 4 standing ’ ’ because of his inability to distinguish or differentiate himself from all other taxpayers. In the Flast v. Gohen (supra) action, however, it must be noted that the challenge to the statute was on the ground that it violated the Establishment and Free Exercises Clauses of the First Amendment. The gravamen of the complaint was that Federal funds appropriated under the challenged statute were being *961 used to finance instruction in reading, arithmetic and other subjects in religious schools and to purchase materials for use in such schools. Such an expenditure of Federal tax funds, complainants alleged, violated the First Amendment because ‘ ‘ that constituted a law respecting an establishment of religion ”. In that context the Supreme Court distinguished between the question of “ standing ” and the issue of “ justificability ”. The court said that when the question is raised whether a taxpayer has ‘ ‘ standing ’ ’ to maintain an action it does not necessarily also raise the issue of separation of powers, i.e., the judiciary should not sit in judgment of the acts of the executive or legislative branches of the government in the absence of a controversy. That question is raised, if at all, only from the substantive issue the individual seeks to have adjudicated. From this it follows that a taxpayer should not be determined to be without “ standing ” simply because the law he seeks to challenge is of general application and, consequently, deprives him of an opportunity to differentiate his position from that of other taxpayers. Such a taxpayer, if permitted to show a nexus between the status or “ standing ” asserted and the claim sought to be litigated, might be able to establish the personal stake or interest that imparts the necessary concrete adverseness to such litigation so that standing could be conferred on the taxpayer. It can, therefore, be said that at the Federal level it is appropriate and necessary to look at the substantive issues to determine if there is a logical connection between the status or ‘ ‘ standing ’ ’ asserted and the claim sought to be adjudicated. If the claimant can show a logical link between status and issue so as to convince a Federal court that the questions will be framed with the necessary specificity, that the issues will be contested with the necessary adverseness so that a trial will ensue in a form capable of traditional judicial resolution, then “ standing ” to prosecute an action challenging the constitutionality of tax enactments will not be withheld solely on the ground that the impact of the challenged statute falls equally on all taxpayers.
The subtleties and nuances that presently exist between the New York and Federal positions on the question of “ standing ” are, however, of no avail in this case. In the case at bar the petitioners, in all five categories, have not framed a complaint. The matter is before the court on petition. There is, therefore, no showing that any one or all of the revenue measures passed at the Second Extraordinary Session of the Legislature had any effect on any one of the petitioners. Absent such evidentiary allegations even a Federal court would be unable to discern a *962 connection between the status of the petitioners and the issues so as to determine if the requisite degree of adverseness exists that would be necessary to create subject jurisdiction in the Court. Certainly, at the State level, the petition alone is wholly inadequate to create a justiciable issue necessary for declaratory judgment relief. Next, since the challenged acts are the law of the State the court is powerless to direct the President of the Tax Commission to violate them by failing to collect the' taxes they mandate.
It is the finding of this court that none of the petitioners in any of the five categories has ‘ ‘ standing ’ ’ to challenge chapters 1, 2, 4, 5 and 10 of the laws of the Second Extraordinary Session of 1971.
The court does not pass on any other issue sought to be raised by the petition herein.
The respondents’ motion to dismiss the petition is granted.

 Chapter 1 increased the amount of tax payable on taxable income. Chapter 2 amended the law to raise the tax on cigarettes from 12 cents per pack to 15 cents. Chapter 4 raised the tax on gasoline and diesel fuel by 1 cent per gallon. Chapter 5 raised the excise tax on liquor from $2.25 per gallon to $3.25 with a lesser tax being imposed on liquors with less than 24% alcohol including wine and beer. Chapter 10 adds a new article, article 26-A to the Tax Law which imposes for the first time a tax on transfer of property by gift.